First case up this morning is 4-12-1073, which is Irwin v. Shymansky for the appellant is Duane Young, and co-deputy is James Fahey. Mr. Young, you may proceed, sir. We were here before. This case was previously on appeal where this court affirmed the trial court's construction of an agreement between the parties and affirmed the award of fees that the court had made, finding and holding that the court had broad discretionary powers to award fees. After remand, the defendant, not being satisfied with her victory, filed a petition for an additional $26,000 of attorney's fees. The plaintiff responded with a number of things. One of them was asking the court to consider the actual decision of this court, acknowledging that the trial court had broad discretion and suggesting that the trial court may have been correct in the proceedings. You've used that term now twice, broad discretion. Is that to distinguish it from some other kind of discretion? Yeah, I think it distinguishes it from the defendant's position when they got the trial court in the first instance to augment the award of the fees from $7,000 to $20,000 by saying that the trial court had no discretion except to award all the fees that were requested in each of the time entries asked for by the parties. That was their position and the trial court did in the first instance, they were actually asking for $26,000. Then also the trial court did augment the original award, which he originally found was $7,000 for a deck action and $2,000 for the forcible entry and detainer was sufficient, was satisfactory. I think that the defendant prevailed on the trial court saying that he had to consider every time entry unless he found it unreasonable he had to award those fees. I think that runs contrary to what the decision of this court was in the first appeal. Moreover, we filed a timely petition under 214.01 asking the court to consider new evidence that had just been found by the plaintiff where she was able to obtain from and get an authenticated copy of the party's appearance before the Condo Association board in August of 2009. Where, as we put it in the brief, the owner, Shannon Shemansky, and the buyer, Susan Irwin, explained their purchase contract, which was determined to be a contract for deed and not a rental agreement, so that the three-year time limit on renting was not a factor. They were advised to get their contract clarified. Susan Irwin intends on obtaining financing and purchasing the property outright. That was newly found evidence to corroborate what Susan Irwin's affidavit said in the first instance, that the defendant had always represented this contract as a contract for deed. Counsel, what would that extrinsic evidence have to do with interpreting the contract within the terms in the contract? I don't think anything unless the trial court was going to revisit his decision. We were now stuck with the decision of the trial court who had decided it on summary judgment without any reference to extrinsic evidence. But the 214-01 could have reopened the case and should have reopened the case because it was supported by affidavit. There were no counter-affidavits filed. I find no authority that says you can just strike a 214-01 petition where it's supported by affidavit and is timely filed. Rule 304-B-3 seems to corroborate that by saying that there's a special appeal provision under a grant or denial of relief under 214-01. In this case, the trial court just struck the 214-01 and didn't even hear it. It gave no attention to the affidavit or the supporting affidavits filed under it. So I think the trial court could have and should have granted the 214-01 petition saying, look, she's stuck with what she represented this contract to be. So the contract itself in this language doesn't matter? I'm sorry? The contract, just this older wife's question was how do these remarks affect the written contract? You never answered that question. Well, I hope it was never a clearer issue. The trial court did decide initially and this court didn't reverse him saying that, look, I can look within the four corners and I can declare it to be a lease with an option to purchase. But the contract is pregnant with down payments and interest rates and refinancing and monthly payments on the contract. It's even titled contract for deed. So I think based on the fact that the defendant herself represented it to be a contract for deed beyond the four corners of it, should have been considered first of all maybe on the merits of what the contract actually was, but certainly with respect to an award of fees because she's the one who drew the contract in the first instance. And as I think Mr. Justice Appleton's special concurrence and dissent in the first case suggested, look, this was a pretty simple deck action and she's the one that caused all this because she drew a dreadful contract to begin with and necessitated all the litigation. So for both of those reasons, I think those things should have been considered by the trial court. I acknowledge that absent this court saying, look, we were wrong in affirming the trial court in the first case or the trial court was wrong in not considering and granting the 214.01, we're stuck with at least with an option to purchase. And that brings us to the second issue, which is the amount of the fees that were requested. The plaintiff didn't start this after it was remanded. The application was initially made by the defendant asking for an additional $26,000 in attorney's fees and she had to respond. You know, silence always favors the oppressor and never the victim. So she had to respond with something. So we're asked that the trial court consider at least the fact that at least one member of the panel had in the first instance suggested that her conduct is what caused this. And for the court then, the trial court, to award $46,000 worth of fees in an $84,000 contract just becomes really ridiculous. And I suggest rapacious and unconscionable. And we'd ask that the court reverse for those reasons also. So our positions are simply that, look, the trial court had to consider the 214.01 supported by affidavit. It had no warrant to just strike it. You had to either grant or deny relief. You didn't do that. So the first instance, we suggest it has to be reversed and sent back to the trial court to either allow it based on that affidavit or if counter affidavits are filed and there were none, then the court has to hear an evidentiary hearing. That's what all the cases under 214.01 provide and require. The second situation just has to do with the reasonableness of the fee. And I suggest under the facts and circumstances of this case, the amount of the fee is just simply outrageous and unconscionable. And we'd ask that the court reverse. Thank you, counsel. Mr. Fahy? May it please the court. Good morning. To be entitled to relief under Section 1401, a petitioner must affirmatively state the specific facts reading each of the elements of a 1401 petition. Those three elements are number one, a meritorious defense or claim. Number two, due diligence in presenting that meritorious defense or claim to the trial court in the original action. And then last but not least, due diligence in submitting the 1401 petition. Now, the Illinois Supreme Court has held that in order to meet that first requirement of meritorious defense, you have to prove that if the ground for relief had been known at the trial court, it would have prevented the entry of judgment against him. And then as more fully explained by this court in Ray Morris, the purpose of a Section 1401 petition, and I'll quote, is to bring before the circuit court facts not appearing in the record, which, if known to the court at the time the judgment was entered, would have prevented the entry of judgment. Did you make a motion to strike this petition? Excuse me? Did you make a motion to strike the 214.01 petition? Actually, as you're already aware, we made a motion to strike the affidavits and a motion to dismiss the petition. Because as you're well aware, it is a new action and it's subject to any pleading rule as just a new complaint would be. Not only did we file a motion to strike the affidavit and a motion to dismiss, but we had a hearing on the merits. And even if we didn't have a hearing on the merits, I think we've quoted the case of Ben Ray Benson, Justice Zappa was well within his right to sue Spock and he said, you know what? This doesn't even state a meritorious claim. It's gone. And so as you look through the record, to a certain degree I'm confident you share some of my frustration when I'm attempting to just state this case is over. It's done. You haven't brought anything new in. Here's why, and I'm saying this mostly for your benefit, Justice Holder-White. In the trial court, in the last case, on multiple occasions, Berwyn made assertions of fraud and misrepresentation against Ms. Shemansky with the hope that it would aid the court in its interpretation of the party's agreement. Justice Zappa declined it and said, you know what? This is clear on its face. I'm not going to accept your proper of extrinsic parole evidence. This is a lease with an option to buy. And we had a motion to reconsider where, again, more allegations of fraud and misrepresentation as to the nature of the agreement was made, including that there was a presentation to the condo board that Ms. Shemansky made these representations. The same representations which are the subject of the new affidavit? Yeah. We're not done. That said, the petition to reconsider the trial level of the earlier case? That was in the affidavit of the earlier case. But then we get to you, collectively, you guys, and the appellate court, and what do you know? Two of you know this already for a fact. Petitions of misrepresentations and fraud was made in that, in the appellant's brief, and they were blind. And they were made with the hope that you would use it as an aid in interpretation of the agreement because they were alleging it was ambiguous. And it was also made to you with the hope that you would somehow diminish the attorney's fees. Again, this is under de novo review, which means you're not bound in any way by what the trial court did, but what did you do? You said, you know what, this is clear and unambiguous. It's a lease with an option to purchase. We're done. Kerwin isn't done. She files a petition for rehearing with you, and one of her primary arguments? Fraud and misrepresentation, that she said that this was a contract for deed. And again, let's look at the decision. And again, I'm doing this mostly for your benefit. Actually, I have read that decision, counsel, so you don't have to. Oh, perfect. Well, then let me just briefly summarize the lease document itself. The term lease, lessor, a lessee, is included over 52 times in this document. The term contract for deed is included once. In the title, right next to the word lease. And then under there, again, agreement for lease, agreement for lease. The only way you could determine this is a contract for deed is if you read half of the first sentence and then quit. But even if you did that, there is a provision in here that says, headings or titles are merely for the convenience of parties, not to be used as an interpretive aid. More importantly, there's an integration clause in here. There's a what? Integration clause. Oh. Stating that any understandings or prior representations, if not incorporated and memorialized in this lease, they're not binding on the parties. So with a great deal of confidence, I presume, this court concluded, look, it's a lease with an option to purchase. And here's the thing that frustrates me the most. Whether it was a contract for deed or whether it was a lease with a purchased option, Erwin had an obligation to secure financing by September 15, 2009. She didn't. Whatever the agreement was, she breached it. Her rights ended right then and there. So we have been incessantly fighting for years over a contract which was breached back in 2009 based on these allegations of fraud and misrepresentation. According to Mr. Young, you're the one who, on remand, decided you wanted more money in attorney's fees to cover all of this. What a surprise. The attorney's fees provision said if you're the prevailing party, you're entitled to attorney's fees. Apparently, we're supposed to sit on our hands and say, you know what? Yeah, we won again. We're just going to, even though you made us incur these additional fees, we're just going to sit on our hands and not get the money we're entitled to. The fact that you made us go through this litigation. I mean, yeah, I can't even imagine why they have some unreasonable demand that we'd be entitled to compensation for prevailing again on our deal. Again, this didn't end on a petition for rehearing. It went to a PLA before the Supreme Court, which was declined. And what did the PLA rely on? Well, you know, misrepresentations and fraud. You know, the representation that this was a contract for deed. In short, there is no way, and again, to go back to your discourse quote, there was no way that it wasn't known to the court at the time judgment was entered. Every court was well aware of this fact. They were exhaustively alleged. Consequently, judgment was entered, notwithstanding these known facts. And somehow the belated securing of a condo meeting board minute, which was in existence a year before the suit even began. Was there a discussion or any explanation at the trial court about why the minutes didn't come up sooner? Only the affidavit. That said what? That said that she made repeated efforts. And that was it? That was it. And again, I'm not going to go down that road. How about some times? How about some dates? How about something like that? But? But for purposes of the later petition, suddenly your efforts were successful. I'm sorry, didn't I? That was the question? Yeah. In other words, for purposes of filing this 214-01 petition post-appeal, she was now successful in getting the minutes. Right. Which, I mean, it didn't change anything. It wasn't new evidence. In essence, it was already raised. All of a sudden, now I have a paper supporting that. Now, in addition to all that, we still have the law of the case issue. And as this Court is aware, in the law of the case issue, issues addressed and resolved by the reviewing court in a prior appeal are binding upon remand to the trial court and on subsequent appeal to the reviewing court. Did you present evidence to support the fees you requested from Judge Zeppa? There is, as will be revealed in the detailed petition we filed with the court in, is in the record. Yeah, we did. And if you want, I'll go ahead and I'll skip that. No, I'm just curious. At the trial level, was there contrary evidence presented, or what was the argument there? No, but let's go ahead down that road. There are seven, there are six factors you consider as to whether attorney's fees are reasonable or not. I'm not going to read them to you. However, as you will know, the trial court actually said good faith was one of those. And in fact, relied upon in Erwin's brief is this good faith notion. Now, there's a slight disingenuous, there's kind of a slight of anger that's a little disingenuous. And as you all know, good faith is to be considered in the reasonableness of attorney's fees in estate cases. This isn't an estate case. It's to be considered in the probate case. In good faith, good faith doesn't apply to the decedent or the estate. Good faith actually applies to the conduct of the attorney and whether they were efficient in the administration of the estate. Well, to read the argument made in this particular brief by the appellant, essentially he's saying, well, good faith is one of those things you need to consider on the award of attorney's fees. And by the way, Ms. Schumanski didn't act in good faith. Now, I understand if you're going to say, well, you know, good faith is considered in estate cases or the probate act, so you should expand the law in trying to apply it to defendants. That wasn't done here. And again, I can understand why it was done, because the trial court actually said they relied on good faith. But again, there was a hearing. The court made its finding. There were detailed evidentiary support. And nowhere in there was there admissible argument that somehow the hours were wrong, the nature of the case, that we weren't entitled under any of those provisions. What was submitted, and I'm really glad that you're on the panel, Justice Steigman, was another affidavit by opposing counsel, stating that in his professional opinion, our fees were excessive and a lot of other big words. Now, as you're well aware, you try to elicit some commitment in your last appearance saying, guess what? When you're doing a petition for attorney's fees, you can submit an affidavit as to the veracity of your own fees. You can't submit an opposing, you can't be the opposing party in submitting an attorney affidavit. It's not admitted under Rule 3.7. Now, we've said it multiple times in pleadings. We've raised the issue before the appellate court. You've identified it before the appellate court. It doesn't really seem to matter. They did it again. That is the only evidence contrary to our petition for attorney's fees, an inadmissible attestation by plaintiff's counsel placing himself as an expert witness to testify in support of his client. Please bring an end to this. Thank you. Thank you, Counsel. Mr. Young, any rebuttal, sir? Okay. First of all, the first decision was decided on summary judgment. There was no discovery or anything in that case. Mrs. Irwin stated in her affidavit that it had appeared before the condo board, but it wasn't until after this case was remanded that she was actually able to get the minutes themselves and have them authenticated by and to corroborate her earlier testimony. Could you explain why that was the case? Because there had been no discovery. Well, yeah, I can explain it. It's because the previous president was a blind person, and he couldn't find the records until July of 2012. He was no longer blind in July 2012? No. There was a change in the administrations, and a new person took over the records, and at her plea they went back through the records and actually found the minutes themselves, which we then presented to the court as corroborative evidence. Secondly, counsel suggests that Judge Zappa had a hearing. There was no hearing except on the motion, the motion to strike and to dismiss, and Judge Zappa's docket entry is very simple. The motion to strike is allowed, period. There was no evidentiary hearing. There was no counter affidavits filed. Lastly, he neglected to mention that the provision in the fee-shifting provision itself includes the word reasonable, thank God, and I suggest that the fees here are completely unreasonable, and I would ask that. . . Is he right that the only affidavit in opposition to their fees is yours? Correct. Are you a competent witness? Am I confident with it? Competent witness when you are the attorney on the side of the case. . . The nature of the case, the amount of the fees ought to have been as was originally decided by the court, the $5,000 and the $2,000 as a max, and I relied also on Mr. Justice Appleton's suggestion and his special concurrence that, look, this was a relatively simple case, and the court should have considered the fact that the defendant's poor drafting of the agreement necessitated the litigation. And, therefore, what's really happening is she's being rewarded for her own indolence and folly in drawing a contract without the assistance of counsel, and we're all here because of what she did and didn't do and not because of what Ms. Irwin did. Thank you. Thank you, counsel. Thank you, Mr. Menden. I advise we'll be in recess.